IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| RJB WHOLESALE, INC., a Washington corporation,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>JEFFREY CASTLEBERRY and JANE DOE CASTLEBERRY, husband and wife and their marital community,<br><br>　　　　　Defendants. | NO.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**JURY DEMAND** |

Plaintiff alleges as follows:

## I.　　PARTIES

1.1　　Plaintiff RJB Wholesale, Inc. ("RJB") is a Washington corporation with its principal place of business in Kirkland, King County, Washington. RJB is engaged in the business of marketing and selling steel and PVC pipe and pipe accessories.

1.2　　Defendants Jeffrey Castleberry ("Castleberry") and Jane Doe Castleberry are husband and wife residing in Bothell, King County, Washington. Castleberry entered into an

COMPLAINT [Case # _____] - Page 1
491332.2 | 364901 | 0001

INSLEE BEST
INSLEE, BEST, DOEZIE & RYDER, PS
Attorneys at Law
10900 NE 4th Street, Suite 1500
P.O. Box 90016
Bellevue, WA 98009-9016
425.455.1234

employment agreement and was employed by RJB in Kirkland, Washington. All actions taken by Castleberry were on behalf of, and for the benefit of, defendants' marital community.

## II.   JURISDICTION AND VENUE

2.1   RJB asserts claims for damages and injunctive relief arising from the misappropriation of trade secrets and other conduct of defendant Castleberry in violation the Computer Fraud and Abuse Act (18 U.S.C. § 1030 et seq.) and the Economic Espionage Act, as Amended by the Defend Trade Secrets Act, (18 U.S.C. § 1831 et. seq.). Jurisdiction is proper in this Court under 28 U.S.C. § 1331, because plaintiff asserts claims arising under the laws of the United States.

2.2   Jurisdiction over plaintiff's state law claims is proper in this Court under 28 U.S.C. § 1367, because those claims are so related to plaintiff's federal claims that they form part of the same case or controversy.

2.3   This Court has personal jurisdiction over defendants, because they reside in Washington State and this District, and Castleberry has done business and committed tortious acts in Washington State and this District.

2.4   Venue is proper in this Court under 28 U.S.C. § 1391, because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## III.   FACTUAL BACKGROUND

3.1   RJB has been conducting its business of marketing and selling steel and PVC pipe, and associated accessories, in the pipe industry since 1973.

3.2   On August 16, 2009, RJB hired Castleberry to work as a sales representative. Prior to his employment with RJB, Castleberry had never worked in the pipe industry.

COMPLAINT [Case # _____] - Page 2
491332.2 | 364901 | 0001

INSLEE BEST
INSLEE, BEST, DOEZIE & RYDER, PS
Attorneys at Law
10900 NE 4th Street, Suite 1500
P.O. Box 90016
Bellevue, WA 98009-9016
425.455.1234

3.3     As an employee of RJB, Castleberry had access to RJB's trade secrets and other confidential information, including RJB's entire customer database.

3.4     RJB's customer database includes customer names, contact persons, addresses, contact information, and other confidential information that is not readily available to the public.

3.5     RJB has developed and maintained its customer list over a period of more than 40 years while transacting business in a highly competitive pipe industry.

3.6     RJB's customer database is a compilation of information that derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use.

3.7     Castleberry had access to RJB's internal pricing information, sales histories and product preferences, and other confidential business information.

3.8     RJB's internal pricing information and other confidential information known to Castleberry included information that derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use.

3.9     RJB has made efforts reasonable under the circumstances to maintain the secrecy of its customer database and other confidential business information (collectively referred to as "trade secrets").

3.10    RJB's reasonable efforts to maintain secrecy include, without limitation, informing employees, including Castleberry, that (1) they may have access to trade secrets and confidential business information; (2) their position as an employee; is one of trust and confidence; and (3) they are required to use their best efforts and utmost diligence to protect and

COMPLAINT [Case # _____] - Page 3
491332.2 | 364901 | 0001



INSLEE BEST
INSLEE, BEST, DOEZIE & RYDER, PS
Attorneys at Law
10900 NE 4th Street, Suite 1500
P.O. Box 90016
Bellevue, WA 98009-9016
425.455.1234

keep confidential RJB's trade secrets and confidential information. Employees, including Castleberry, are required to sign agreements whereby they agree not share confidential information, trade secrets, or proprietary information outside of RJB's organization.

3.11    On August 27, 2016, at approximately 7:15 p.m., Castleberry abruptly resigned from his employment with RJB effective immediately.

3.12    Castleberry promptly went to work for North American Pipe and Steel, Inc. (NAP Steel), a major competitor of RJB in the pipe industry.

3.13    Shortly before resigning from RJB, Castleberry accessed RJB's entire customer database three separate times. It is rare for anyone in RJB's organization to ever access RJB's entire customer database.

3.14    Shortly before resigning, Castleberry copied RJB's entire customer database to his work computer desktop.

3.15    There is no legitimate reason for Castleberry to have copied RJB's entire customer database to his work computer desktop.

3.16    Castleberry copied RJB's entire customer database to his work computer desktop so that he could copy it to a device and take the information with him when he resigned, and then use the confidential information in the customer database to compete against RJB in his new employment with NAP Steel.

3.17    Shortly before resigning, Castleberry downloaded a "One Drive" to his work computer. A One Drive is a Microsoft cloud based program similar to a drop box account, whereby a person can put things in the One Drive on one computer, and access that information from another computer.

COMPLAINT [Case # _____] - Page 4
491332.2 | 364901 | 0001

INSLEE BEST
INSLEE, BEST, DOEZIE & RYDER, PS
Attorneys at Law
10900 NE 4th Street, Suite 1500
P.O. Box 90016
Bellevue, WA 98009-9016
425.455.1234

3.18    After downloading the One Drive, Castleberry copied his entire work computer to the One Drive.

3.19    Copying his work computer to the One Drive gave Castleberry complete remote access to all of RJB's trade secrets and confidential information after he resigned from his employment with RJB.

3.20    Upon accessing Castleberry's computer desktop at RJB, Microsoft customer service confirmed that Castleberry's entire computer was transferred to the One Drive. Microsoft customer service confirmed that as of November 4, 2016, the One Drive account Castleberry that created still allowed for his remote access of the entire computer.

3.21    Castleberry has used and is using RJB's trade secrets to RJB's substantial detriment.  For example, acting as sales representative of NAP Steel, Castleberry is contacting and soliciting RJB's by using confidential contact information obtained from RJB's customer database.

3.22    Upon information and belief, Castleberry has offered and is offering to sell to RJB's customers the products that Castleberry knows such customers would be interested in purchasing based upon RJB's trade secrets, including sales histories and product preferences.

3.23    Upon information and belief, Castleberry has used and is utilizing RJB's confidential pricing information to offer competitive prices for pipe products to RJB's customers.

3.24    Castleberry is using RJB's trade secrets to benefit himself, as he receives commissions from sales and his employment status at NAP Steel would be enhanced by obtaining business from RJB's customers.

COMPLAINT [Case # _____] - Page 5
491332.2 | 364901 | 0001

INSLEE BEST
INSLEE, BEST, DOEZIE & RYDER, PS
Attorneys at Law
10900 NE 4th Street, Suite 1500
P.O. Box 90016
Bellevue, WA 98009-9016
425.455.1234

3.25    Soon after RJB discovered that Castleberry misappropriated RJB's trade secrets, RJB's attorney send a letter to Castleberry demanding that he cease using RJB's trade secrets.

3.26    Castleberry responded to RJB's demand letter by stating that all compilations of customer lists that were in his possession had been destroyed.  Thus, Castleberry admitted that he had prepared compilations of RJB's customer information before leaving the company.

3.27    Other than admitting he took customer lists, Castleberry refused to provide any details about the confidential information he took from RJB, and he failed to state whether all of the information that he took had been destroyed.

3.28    Castleberry also failed to disclose to RJB that he created a One Drive account on his RJB work computer, and that he still had full access to the One Drive, which in turn gave him full access to his entire RJB work computer.

3.29    Castleberry continues to, and without a court order, will continue to contact customers that he became aware of during his RJB employment, to use RJB's trade secrets to solicit sales for NAP Steel.

### IV.    FIRST CAUSE OF ACTION: VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT

4.1    Plaintiff realleges and incorporates by reference the allegations in paragraphs 1.1 through 3.29 above.

4.2    Upon information and belief, after resigning from his employment with RJB, Castleberry intentionally accessed RJB's computers, which are used in interstate commerce, without authorization and thereby obtained confidential business information from RJB's computers.

COMPLAINT [Case # _____] - Page 6
491332.2 | 364901 | 0001



INSLEE BEST
INSLEE, BEST, DOEZIE & RYDER, PS
Attorneys at Law
10900 NE 4th Street, Suite 1500
P.O. Box 90016
Bellevue, WA 98009-9016
425.455.1234

4.3     Upon information and belief, after resigning from his employment with RJB, Castleberry knowingly and with intent to defraud, accessed RJB's computers without authorization, and thereby furthered the intended fraud and obtained information of value.

4.4     Upon information and belief, after resigning from his employment with RJB, Castleberry intentionally accessed RJB's computers without authorization, and as a result of such conduct caused damage and loss to RJB.

4.5     Castleberry's actions violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 et seq.  As a result of Castleberry's unlawful conduct, RJB has suffered loss in an amount exceeding $5,000.00, including the costs necessary to ascertain the scope of defendant's unauthorized access and any resulting damage to RJB's computers.

4.6     RJB is entitled to recover economic damages caused by Castleberry in an amount to be proven at trial.

## V.     SECOND CAUSE OF ACTION:
## VIOLATION OF THE ECONOMIC ESPIONAGE ACT, AS AMENDED BY THE DEFEND TRADE SECRETS ACT

5.1     Plaintiff realleges and incorporates by reference the allegations in paragraphs 1.1 through 4.6 above.

5.2     During and following his employment with RJB, Castleberry misappropriated RJB's trade secrets related to products and services used in and intended for use in interstate commerce.  The confidential information that Castleberry misappropriated constitutes trade secrets protected by the Economic Espionage Act, as Amended by the Defend Trade Secrets Act, 18 U.S.C. § 1831 et. seq.

COMPLAINT [Case # _____] - Page 7
491332.2 | 364901 | 0001



INSLEE BEST
INSLEE, BEST, DOEZIE & RYDER, PS
Attorneys at Law
10900 NE 4th Street, Suite 1500
P.O. Box 90016
Bellevue, WA 98009-9016
425.455.1234

5.3     Castleberry's misappropriation of RJB's trade secrets was willful and malicious. Therefore, RJB is entitled to exemplary damages in an amount up to twice the actual damages awarded.

5.4     As a direct consequence of Castleberry's misappropriation, RJB has suffered damages for actual loss in an amount to be proven at trial, including attorneys' fees and costs.

5.5     As a direct consequence of Castleberry's misappropriation, defendants have been unjustly enriched, and RJB is entitled to damages for such enrichment, in an amount to be proven at trial.

5.6     As a direct consequence of Castleberry's misappropriation, Plaintiff is entitled to seizure of the misappropriated information by the U.S. Marshals.

## VI.     THIRD CAUSE OF ACTION: MISAPPROPRIATION OF TRADE SECRETS

6.1     Plaintiff realleges and incorporates by reference the allegations in paragraphs 1.1 through 5.6 above.

6.2     During and following his employment with RJB, Castleberry misappropriated RJB's trade secrets, as defined in RCW 19.108.010(4).

6.3     As a result of Castleberry's misappropriation of trade secrets, RJB has suffered damages for actual loss in an amount to be proven at trial, and attorneys' fees and costs.

6.4     Castleberry's misappropriation of RJB's trade secrets was willful and malicious. Under RCW 19.108.030(2), RJB is entitled to exemplary damages in an amount up to twice the actual damages awarded.

6.5     As a direct consequence of Castleberry's misappropriation, defendants have been unjustly enriched.  Under RCW 19.108.030(1), RJB is entitled to recover damages for unjust

COMPLAINT [Case # _____] - Page 8
491332.2 | 364901 | 0001



INSLEE BEST
INSLEE, BEST, DOEZIE & RYDER, PS
Attorneys at Law
10900 NE 4th Street, Suite 1500
P.O. Box 90016
Bellevue, WA 98009-9016
425.455.1234

enrichment that is not taken into account in computing damages for actual loss, in an amount to be proven at trial.

6.6     RJB and Castleberry's new employer are direct competitors in the pipe industry. As a sales representative for NAP Steel, Castleberry directly competes with RJB in the same market to the same customers. Castleberry had access to RJB's trade secrets and misappropriated them. Castleberry has used or disclosed RJB's trade secrets in the performance of his job at NAP Steel and will continue to do so to succeed at his new position.

6.7     Castleberry's misappropriation has violated legal and equitable rights of RJB. RJB has suffered and will continue to suffered irreparable harm if an injunction is not issued against Castleberry.

6.8     Under RCW 19.108.020(1), RJB is entitled to a preliminary and permanent injunction prohibiting Castleberry's from working in a sales position at NAP Steel and/or continuing to use misappropriated trade secrets.

## VII.   FOURTH CAUSE OF ACTION: BREACH OF CONTRACT

7.1     Plaintiff realleges and incorporates by reference the allegations in paragraphs 1.1 through 6.8 above.

7.2     When Castleberry was hired by RJB, he received an Employee Handbook which incorporated RJB's Procedures and Guidelines, including confidentiality provisions requiring employees to protect trade secrets and confidential business information which they may have access to while employed by RJB. Castleberry agreed to comply with the Procedures and Guidelines, including the confidentiality requirement.



INSLEE BEST
INSLEE, BEST, DOEZIE & RYDER, PS
Attorneys at Law
10900 NE 4th Street, Suite 1500
P.O. Box 90016
Bellevue, WA 98009-9016
425.455.1234

7.3     On June 4, 2013, Castleberry signed a written agreement under which agreed not share any of RJB's confidential information, trade secrets, or proprietary information outside of RJB.  Castleberry agreed to be held personally liable for damages caused by his disclosure of confidential information, trade secrets, or proprietary information outside of RJB's organization.

7.4     Castleberry breached RJB's Procedures and Guidelines and his June 4, 2013 agreement by sharing and using RJB's confidential information, trade secrets, or proprietary information outside of RJB's organization.

7.5     As a direct consequence of Castleberry's breach of contract, RJB has sustained damages in an amount to be proven at trial.

## VIII.   FIFTH CAUSE OF ACTION: BREACH OF FIDUCIARY DUTIES AND DUTY OF LOYALTY

8.1     Plaintiff realleges and incorporates by reference the allegations in paragraphs 1.1 through 7.5 above.

8.2     During his employment with RJB, Castleberry owed fiduciary duties and a duty of loyalty to RJB under common law.

8.3     Castleberry breached his fiduciary duties and duty of loyalty by using, sharing, downloading, emailing, and otherwise misappropriating RJB's trade secrets and confidential information, for improper purposes and to further Castleberry's own interests in direct conflict with RJB's interests.

8.4     As a direct consequence of Castleberry's breaches of these duties, RJB has sustained damages in an amount to be proven at trial.

COMPLAINT [Case # _____] - Page 10
491332.2 | 364901 | 0001

INSLEE BEST
INSLEE, BEST, DOEZIE & RYDER, PS
Attorneys at Law
10900 NE 4th Street, Suite 1500
P.O. Box 90016
Bellevue, WA 98009-9016
425.455.1234

## IX.    SIXTH CAUSE OF ACTION: CONVERSION AND/OR TRESPASS TO CHATTEL

9.1    Plaintiff realleges and incorporates by reference the allegations in paragraphs 1.1 through 8.4 above.

9.2    By engaging in the conduct described above, Castleberry intentionally exercised dominion or control over, used, or interfered with RJB's chattels, including, without limitation, RJB's customer and contact information, financial information (including revenues, costs, and profits), pricing methodology and customer-specific pricing information, bids/estimates, pending projects, negotiated vendor and supplier discounts and information, product technology, and other confidential customer information for the benefit of defendants.

9.3    As a direct consequence of Castleberry's chattel conversion and/or trespass, RJB has sustained damages in an amount to be proven at trial.

## X.    SEVENTH CAUSE OF ACTION: TORTIOUS INTERFERENCE

10.1    Plaintiff realleges and incorporates by reference the allegations in paragraphs 1.1 through 9.3 above.

10.2    RJB has valid contractual relationships and/or business expectancies with its customers, prospects, vendors, employees, and suppliers.  RJB's customer relationships that have been developed and maintained over a substantial period of time.  RJB compensated Castleberry to develop and maintain such relationships on behalf of RJB.

10.3    Castleberry knew of RJB's contractual relationships and business expectancies with its customers, prospects, vendors, and suppliers.  Instead of protecting RJB's trade secrets, Castleberry is using RJB's trade secrets to interfere with RJB's contractual relationships and/or business expectancies with its customers, prospects, vendors, and suppliers.

COMPLAINT [Case # _____] - Page 11
491332.2 | 364901 | 0001



INSLEE BEST
INSLEE, BEST, DOEZIE & RYDER, PS
Attorneys at Law
10900 NE 4th Street, Suite 1500
P.O. Box 90016
Bellevue, WA 98009-9016
425.455.1234

10.4    Castleberry intentionally interfered with RJB's contractual relationships and business expectancies through improper means, including misappropriation and use of RJB's trade secrets and confidential information, and for the improper purpose of taking business to NAP Steel and thereby benefitting defendants.

10.5    As a direct consequence of Castleberry's tortious interference, RJB has sustained damages in an amount to be proven at trial.

## XI.    EIGHTH CAUSE OF ACTION: UNJUST ENRICHMENT

11.1    Plaintiff realleges and incorporates by reference the allegations in paragraphs 1.1 through 10.5 above.

11.2    Defendants have accepted, retained, and/or used the benefits received and taken from RJB under circumstances that make it inequitable for defendants to retain such benefits.

11.3    As a direct consequence of defendants' unjust enrichment, RJB has sustained damages and defendants should be ordered to hold all proceeds of their wrongful conduct in trust for the benefit of RJB.

## XII.    NINTH CAUSE OF ACTION: CLAIM FOR ACCOUNTING

12.1    Plaintiff realleges and incorporates by reference the allegations in paragraphs 1.1 through 11.3 above.

12.2    Based on the foregoing allegations, RJB is entitled to an accounting by defendants regarding all customers of RJB that have been contacted and solicited by Castleberry, all orders or contracts procured by Castleberry for NAP Steel, and all sales proceeds received by Castleberry and/or NAP Steel as a result of Castleberry's efforts.

COMPLAINT [Case # _____] - Page 12
491332.2 | 364901 | 0001

INSLEE BEST
INSLEE, BEST, DOEZIE & RYDER, PS
Attorneys at Law
10900 NE 4th Street, Suite 1500
P.O. Box 90016
Bellevue, WA 98009-9016
425.455.1234

## XIII.   REQUEST FOR RELIEF

Wherefore, plaintiff RJB Wholesale, Inc. requests the following relief against defendants Jeffrey Castleberry and Jane Doe Castleberry, jointly and severally and their marital community:

(a) Judgment for damages under the First through Seventh Causes of Action, in an amount to be proven at trial;

(b) Judgment for the amount of unjust enrichment of defendants resulting from Castleberry's use of RJB's trade secrets and other confidential information, as alleged in the Second, Third, and Eighth Causes of Action;

(c) Judgment for double damages due to Castleberry's willful and malicious misappropriation of Plaintiff's trade secrets pursuant to 18 U.S.C. § 1836 and RCW 19.108.030, as alleged in the Second and Third Causes of Action;

(d) Orders requiring defendants to return to RJB all documents, data, and other property of RJB, including flash drives used to upload information from RJB's computers, and to allow RJB's expert(s) to forensically examine all devices and storage means within defendants' possession, custody, or control, for the purpose of confirming the return and deletion of all of RJB's trade secrets and confidential information;

(e) Preliminary and permanent injunctions restraining and enjoining defendants from contacting or soliciting any of RJB's customers, potential customers, vendors, employees, and suppliers, to the extent that such solicitation is enabled by or based on misappropriation of RJB's trade secrets and other confidential information;

(f) Preliminary and permanent injunctions restraining and enjoining defendants from otherwise possessing, using, or disclosing RJB's trade secrets and other confidential information misappropriated by defendants;

COMPLAINT [Case # _____] - Page 13
491332.2 | 364901 | 0001

INSLEE  BEST
INSLEE, BEST, DOEZIE & RYDER, PS
Attorneys at Law
10900 NE 4th Street, Suite 1500
P.O. Box 90016
Bellevue, WA 98009-9016
425.455.1234

(g) Preliminary and permanent injunctions restraining and enjoining defendants from working for or being employed with any of RJB's competitors in the pipe industry;

(h) An accounting from defendants as alleged in the Ninth Cause of Action;

(i) Judgment for plaintiff's reasonable attorneys' fees and costs incurred in this action, as authorized by 18 U.S.C. § 1836 and RCW 19.108.030; and

(j) Such other and further relief as this Court deems just and equitable.

DATED this 28th day of November, 2016.

    INSLEE, BEST, DOEZIE & RYDER, P.S.

    By /Richard A. Bersin/
        Richard A. Bersin, WSBA #7178
        Email: rbersin@insleebest.com
        Curtis J. Chambers, WSBA #42984
        Email: cchambers@insleebest.com
        10900 NE 4th Street, Suite 1500
        Bellevue, WA 98004
        Tel: 425-455-1234 / Fax: 425-635-7720
        Attorneys for Plaintiff

COMPLAINT [Case # _____] - Page 14
491332.2 | 364901 | 0001

INSLEE BEST
INSLEE, BEST, DOEZIE & RYDER, PS
Attorneys at Law
10900 NE 4th Street, Suite 1500
P.O. Box 90016
Bellevue, WA 98009-9016
425.455.1234