HONORABLE ROBERT S. LASNIK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| RJB WHOLESALE, INC., a Washington corporation,<br><br>            Plaintiff,<br><br>vs.<br><br>JEFFREY CASTLEBERRY and JANE DOE CASTLEBERRY, husband and wife and their marital community,<br><br>            Defendants. | NO. 2:16-cv-1829<br><br>**STIPULATION AND PROTECTIVE ORDER**<br><br>[PROPOSED] |

## STIPULATION

Plaintiff RJB Wholesale, Inc. ("RJB") and defendant Jeffrey Castleberry ("Castleberry"), by and through their counsel of record, stipulate and agree as follows:

**1. Purpose of Stipulation.** All parties hereto are interested in permitting discovery to proceed without delay occasioned by possible disputes regarding the confidential nature of certain information. It is anticipated that the parties will request or file pleadings, documents, and information that may be confidential or proprietary in nature. This Stipulation and Protective Order ("Protective Order" or "Order") is intended to protect the confidentiality of

STIPULATION AND PROTECTIVE ORDER
Case #2:16-cv-1829] - Page 1
495508.1 | 364901 | 0002

INSLEE BEST
INSLEE, BEST, DOEZIE & RYDER, PS
Attorneys at Law
10900 NE 4th Street, Suite 1500
P.O. Box 90016
Bellevue, WA 98009-9016
425.455.1234

89972922.2 0052781-00015

such pleadings, documents and information, while ensuring that the parties can pursue litigation and discovery, with a minimum amount of burden, expense and delay. Because RJB and Castleberry's current employer, North American Pipe & Steel Corp. ("NAPSteel"), may, at times, be competitors, this Order is necessary to ensure that their respective confidential business information is protected from misuse for anticompetitive purposes. Additionally, the claims at issue in this litigation involve allegations related to misappropriation of trade secrets. As such, the parties anticipate that significant amounts of confidential business information will be exchanged in discovery. Therefore, this Order is warranted to protect such information from any public disclosure that may harm RJB's, Castleberry's, and/or NAPSteel's business interests.

2. **Protected Material.** In the event a party determines in good faith that a document, pleading or other information responsive to a request for discovery is confidential or proprietary and entitled to special protection, that party may invoke this Protective Order and in good faith designate such documents, pleadings or other information as "Protected Material" in the manner set forth below. For purposes of this Order, "Protected Material" is defined as any of the following materials, not publicly available, belonging to RJB, Castleberry, or NAPSteel:

(a) Customer lists and customer contact information;

(b) Customer contracts, invoices, purchase orders, and sales;

(c) Bids, quotes, and estimates;

(d) Product specifications, designs, schematics, and plans;

(e) Sales pitch documents and presentations;

(f) Supplier lists and supplier contact information;

STIPULATION AND PROTECTIVE ORDER
Case #2:16-cv-1829] - Page 2
495508.1 | 364901 | 0002

INSLEE BEST
INSLEE, BEST, DOEZIE & RYDER, PS
Attorneys at Law
10900 NE 4th Street, Suite 1500
P.O. Box 90016
Bellevue, WA 98009-9016
425.455.1234

89972922.2 0052781-00015

(g) Product pricing information;

(h) Data related to revenues, profits, and profit margins;

(i) Budgets, ledgers, and accounting and financial statements;

(j) Marketing, business, research and development plans; and

(k) Personnel records and employee compensation information.

"Protected Material" may be contained in interrogatory answers, responses to requests for production and requests for admissions, deposition transcripts and exhibits, pleadings, affidavits, declarations and other pleadings, documents and/or other information designated as "Protected Material" by a party. Any summaries, copies, notes, abstracts, or other documents or things containing or derived in whole or in part from information designated as Protected Material shall also be deemed so designated. All such materials shall be protected, used, handled and disposed of in accordance with the provisions of this Order or any amendments thereto.

3. **Limitation on Designation of Protected Material.** The parties shall not designate information as Protected Material unless they believe reasonably and in good faith that the information should in fact be so designated. If the Court later determines that the parties did not act reasonably or in good faith in making such a designation, the Court shall award to the party opposing the designation that party's reasonable attorneys' fees in disputing the designation; provided, however, that no party may challenge such a designation unless and until that party has first made a reasonable, good faith attempt to resolve the matter informally with the designating party. A party's decision not to dispute a producing party's designation of materials as "Protected Material" shall not be deemed an admission that the material is, in fact, confidential, proprietary, non-public, a trade secret, or the like.

STIPULATION AND PROTECTIVE ORDER
Case #2:16-cv-1829] - Page 3
495508.1 | 364901 | 0002

89972922.2 0052781-00015

INSLEE BEST
INSLEE, BEST, DOEZIE & RYDER, PS
Attorneys at Law
10900 NE 4th Street, Suite 1500
P.O. Box 90016
Bellevue, WA 98009-9016
425.455.1234

4. **Method of Document Designation.** Documents containing Protected Material may be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL" on each page thereof. Documents designated as "CONFIDENTIAL" are hereinafter referred to as "Confidential Documents." A party or non-party may designate as "HIGHLY CONFIDENTIAL" any document or that portion of any document that is or contains confidential financial, marketing, product planning, pricing, technical or commercial information, or that identifies customers or prospective customers, which the party believes in good faith to be of the highest sensitivity and which, if disclosed to persons other than those listed in Section 7 below, is likely to cause competitive harm which cannot be prevented through less restrictive means. The purpose of this designation is to protect confidential materials that are so sensitive that they cannot reasonably be disclosed to another party as in the case of materials that are designated as "CONFIDENTIAL." The designation of "HIGHLY CONFIDENTIAL" should be used only when reasonably necessary. Examples of materials that might appropriately be designated "HIGHLY CONFIDENTIAL" include, without limitation, competitive pricing information, lead sources, identification of lead sources, project estimates, and profit and loss statements that cannot reasonably be designated as "CONFIDENTIAL." Documents designated as "HIGHLY CONFIDENTIAL" are hereinafter referred to as "Highly Confidential Documents."

5. **Use of Protected Material.** All Protected Material (including Confidential Documents and Highly Confidential Documents) produced under this Protective Order is to be used solely for purposes of this action, including all claims, counterclaims, third-party claims, and affirmative defenses asserted herein (this "Action"). This Protective Order shall be applicable to pretrial discovery, motions, pretrial preparation, settlement, and other

STIPULATION AND PROTECTIVE ORDER
Case #2:16-cv-1829] - Page 4
495508.1 | 364901 | 0002

INSLEE BEST
INSLEE, BEST, DOEZIE & RYDER, PS
Attorneys at Law
10900 NE 4th Street, Suite 1500
P.O. Box 90016
Bellevue, WA 98009-9016
425.455.1234

89972922.2 0052781-00015

proceedings in this Action. The persons having access to Protected Material shall not disclose or provide Protected Material to any person not authorized under this Protective Order. No Protected Material may be made available to, or in any manner revealed to, or discussed with any other entity, except: (1) solely in accordance with the procedures set forth in this Protective Order, or (2) upon the express written permission of counsel for the Producing Party.

**6. Access to "Confidential Documents."** Except under the conditions set forth in paragraph 7 of this Protective Order, such CONFIDENTIAL documents may be disclosed to the following "Qualified Persons":

(a) Counsel of record for the parties, including members of such attorneys' staff (e.g., paralegals, secretaries, and administrative personnel) employed by counsel for litigation purposes;

(b) Officers of the Court and supporting personnel or officers of any appellate court to which an appeal may be taken or in which review is sought, including necessary stenographic and clerical personnel (e.g., court reporters).

(c) Parties and Party representatives (including officers, directors and employees); and

(d) Independent experts and consultants retained by a party or their counsel for the purpose of assisting in this litigation; and

(e) Any other person designated by the Court in the interests of justice upon such terms as the Court deems proper.

**7. Access to Highly Confidential Documents.** Except under the conditions set forth in paragraph 6 of this Stipulation and Protective Order, such HIGHLY CONFIDENTIAL documents may be disclosed to the following "Qualified Persons":

STIPULATION AND PROTECTIVE ORDER
Case #2:16-cv-1829] - Page 5
495508.1 | 364901 | 0002

INSLEE BEST
INSLEE, BEST, DOEZIE & RYDER, PS
Attorneys at Law
10900 NE 4th Street, Suite 1500
P.O. Box 90016
Bellevue, WA 98009-9016
425.455.1234

89972922.2 0052781-00015

(a) Counsel of record for the parties, including members of such attorneys' staff (e.g., paralegals, secretaries, and administrative personnel) employed by counsel for proper litigation purposes;

(b) Officers of the Court and supporting personnel or officers of any appellate court to which an appeal may be taken or in which review is sought, including necessary stenographic and clerical personnel (e.g., court reporters);

(c) With the prior written permission of the producing party, officers, agents, or employees of the receiving party on a document-by-document basis; provided, however, that any such agent, officer, or employee shall execute a Non-Disclosure Certification as set forth in paragraph 10.

(d) Any other person designated by the Court in the interests of justice upon such terms as the Court deems proper.

**8. Depositions.** Counsel for the receiving party may use Protected Material at a deposition. A party may designate information disclosed during a deposition as "Protected Material" by so indicating on the record at the deposition the specific beginning and end point of testimony regarding "Protected Materials", or by designating in writing, within twenty (20) days of receipt of the deposition transcript, the specific pages and lines of the transcript and/or the exhibits to be accorded protected treatment. With respect to the use during a deposition of previously designated "Protected Material," counsel for the party introducing the previously protected materials shall make reference to the confidentiality of the "Protected Material" on the record. All persons not authorized under this Order to receive the "Protected Material" shall be excluded from that portion of the deposition during which the "Protected Material" is used, unless otherwise agreed by the Parties or ordered by the Court.

STIPULATION AND PROTECTIVE ORDER
Case #2:16-cv-1829] - Page 6
495508.1 | 364901 | 0002

INSLEE BEST
INSLEE, BEST, DOEZIE & RYDER, PS
Attorneys at Law
10900 NE 4th Street, Suite 1500
P.O. Box 90016
Bellevue, WA 98009-9016
425.455.1234

89972922.2 0052781-00015

Designations not made on the record during the deposition must be made in writing and served on all parties within twenty (20) days of receipt of the transcript containing the designated material. There shall be no waiver of protection under this Protective Order if timely designation is made. Any Party may object to any designation not made on the record during the deposition within twenty (20) days of the receipt of the written designation. Prior to disclosure of Protected Material at a deposition, to any deponent other than the author of the document, or a director, officer, employee or agent of the party that produced the Protected Material, the questioning party shall ask the deponent, on the record, to agree to use the Protected Material only for the purposes of this litigation, and to refrain from disclosing the "Protected Material" to anyone other than his or her attorney, the named Parties and the law firms involved in this action.

If the deponent refuses to assent, disclosure of the documents during deposition shall not constitute a waiver of the protections afforded by this Order. Under such circumstances, the witness shall sign the original deposition transcript in the presence of a court reporter or other appropriate designee and no copy of the portions of the transcript or exhibits designated as Protected Material shall be given to the deponent.

The court reporter shall separately transcribe or segregate those portions of the testimony designated as containing "Protected Material" at the deposition. The reporter shall mark the face of the protected portion of the transcript with a Legend accordingly. Any party seeking to file portions of the deposition transcript or exhibits under seal shall be responsible for complying with Local Civil Rule 5(g).

**9. No Loss of Confidential Status.** Protected Material shall be kept in strict confidence and disclosed only to persons and in the manner authorized in this Order and the

STIPULATION AND PROTECTIVE ORDER
Case #2:16-cv-1829] - Page 7
495508.1 | 364901 | 0002

INSLEE BEST
INSLEE, BEST, DOEZIE & RYDER, PS
Attorneys at Law
10900 NE 4th Street, Suite 1500
P.O. Box 90016
Bellevue, WA 98009-9016
425.455.1234

89972922.2 0052781-00015

contents may not be disclosed orally contrary to the provisions of this Protective Order. Notwithstanding the foregoing, counsel for the parties may discuss the existence and contents of Protected Material with their clients insofar as is necessary for counsel's representation of the parties in this litigation. In the event that any Protected Material is sought to be used in any court proceeding in this action, the party seeking to protect confidentiality shall be responsible for complying with Local Civil Rule 5(g). The Protected Material shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

**10. Certifications.** Before counsel for a party may disclose Protected Material to any other Qualified Person identified in paragraphs 6 and/or 7 (except counsel for the parties, the parties, and party representatives, or the Court and court reporters), the disclosing counsel shall obtain from the Qualified Person an executed copy of the Non-Disclosure Certification attached hereto as Exhibit A. Execution of this Non-Disclosure Certification confirms the signatory's willingness to be bound by the provisions of this Protective Order and a waiver of any objection, jurisdictional or otherwise, to the exercise by the Court of its power to enforce the terms of this Order by such means as the court believes appropriate. Counsel who discloses Protected Material to a Qualified Person shall provide a copy of the Certification to all other counsel, and shall retain the Qualified Person's original executed Non-Disclosure Certification until the conclusion of this Action as set out in paragraph 13.

**11. Reservation of Rights.** This Protective Order is entered without prejudice to the right of the undersigned parties to apply to the Court at any time for additional protection or to release, rescind or modify the restrictions of this Order or to determine whether a particular person shall be entitled to disclosure of the Protected Material, or whether particular

STIPULATION AND PROTECTIVE ORDER
Case #2:16-cv-1829] - Page 8
495508.1 | 364901 | 0002

INSLEE BEST
INSLEE, BEST, DOEZIE & RYDER, PS
Attorneys at Law
10900 NE 4th Street, Suite 1500
P.O. Box 90016
Bellevue, WA 98009-9016
425.455.1234

89972922.2 0052781-00015

documents should be treated as Confidential. By entering into this Order, no party waives or limits any objection to the use of all or a portion of documents containing Protected Material at the trial of this Action or in any other proceedings in which said documents are offered as evidence or for any other purpose.

12. **Use of Protected Material in Court**. Nothing in this Protective Order shall prevent the use of any documents or information at time of trial or in connection with pretrial motions. Nothing in this Order shall be considered a waiver of any objection or response to objection regarding admissibility or use of covered material. In the event that any Protected Material is included with, or the contents thereof are in any way disclosed in, any pleading, motion, deposition transcript, or other paper filed in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such Protected Material shall take all reasonable steps to maintain its confidentiality during such use. The fact that the Protected Material exists may be referred to in briefs and other documents filed with the court. The sealing of the Protected Material shall be subject to the Federal Rules of Civil Procedure and Local Civil Rule 5(g) of this Court. Any party may request that Protected Material be sealed in accordance with those Rules.

13. **Conclusion of Action**. The conclusion of this action shall not terminate the obligations of this Protective Order. Upon termination of this Action, all Protected Materials and Certifications in the possession of the Parties shall be returned to the producing party or destroyed within thirty (30) days, at the discretion of the parties. This Order shall not affect the records or files of the Court.

14. **Inadvertent Production**. During the course of this action, the parties may inadvertently produce unmarked documents that are Protected Material. Each party reserves

STIPULATION AND PROTECTIVE ORDER
Case #2:16-cv-1829] - Page 9
495508.1 | 364901 | 0002

INSLEE BEST
INSLEE, BEST, DOEZIE & RYDER, PS
Attorneys at Law
10900 NE 4th Street, Suite 1500
P.O. Box 90016
Bellevue, WA 98009-9016
425.455.1234

89972922.2 0052781-00015

the right subsequently to assert that any document so produced is Protected Material. If a party inadvertently produces or discloses any Protected Material without marking it with the appropriate legend, it shall (a) give notice to the receiving party within ten (10) days after discovering such inadvertent production that the information should be treated in accordance with the terms of this Protective Order, and (b) promptly after giving such notice, forward appropriately-stamped copies of the items in question. Within five (5) days of the receipt of the substitute copies, the receiving party shall return the previously unmarked items and all copies thereof. The inadvertent disclosure shall not be deemed a waiver of protection under this Order if timely designation is made. Upon notification by the producer of such documents, all parties will thereafter treat the documents identified as Protected Material.

16. **Production of Protected Material to Non-Parties.** In the event that any Party to this Protective Order receives a subpoena or other demand to produce Protected Material from a person or entity who is not a party to this Order, then the receiving Party shall give prompt written notice of the subpoenas or demand to the Party who designated the Protected Material. The Party receiving such demand for production of the Protected Materials shall give prompt written notice of the existence of this Protective Order to whoever made the demand for the Protected Material. The Party who designated the Protected Material shall be solely responsible for taking timely taking action to respond to the demand for production if the party wishes to preserve the confidentiality of the Protected Material. If no timely action is taken by the designating party, the Protected Materials may be produced. Nothing herein shall be construed as requiring the Party receiving the demand to produce to challenge any request for production of Protected Material, to be subject to any penalties for noncompliance with any legal process, order or demand, or to seek any relief from this Court.

STIPULATION AND PROTECTIVE ORDER
Case #2:16-cv-1829] - Page 10
495508.1 | 364901 | 0002

INSLEE BEST
INSLEE, BEST, DOEZIE & RYDER, PS
Attorneys at Law
10900 NE 4th Street, Suite 1500
P.O. Box 90016
Bellevue, WA 98009-9016
425.455.1234

89972922.2 0052781-00015

17. **Authorization.** The undersigned counsel hereby warrant and represent that they are authorized by their clients to enter into this Stipulation and Protective Order.

DATED: March 24, 2017

        INSLEE, BEST, DOEZIE & RYDER, P.S.

By /s/ Richard A. Bersin
Richard A. Bersin, WSBA #7178
Email: rbersin@insleebest.com
Curtis J. Chambers, WSBA #42984
Email: cchambers@insleebest.com
10900 NE 4th Street, Suite 1500
Bellevue, WA 98004
Tel: 425-455-1234 / Fax: 425-635-7720
*Attorneys for Plaintiff*

DATED: March 24, 2017

        STOEL RIVES, LLP

By: /s/Karin D. Jones
Karin D. Jones, WSBA No. 42406
karin.jones@stoel.com
Joseph M. Horne, WSBA No. 47898
joseph.horne@stoel.com
600 University Street, Suite 3600
Seattle, WA 98101

*Attorneys for Defendant*

## ORDER

The above Stipulation and Protective Order of the parties is hereby approved and adopted as an Order of this Court.

DATED this 28th day of March, 2017

     /s/ Robert S. Lasnik
JUDGE ROBERT S. LASNIK

STIPULATION AND PROTECTIVE ORDER
Case #2:16-cv-1829] - Page 11
495508.1 | 364901 | 0002

INSLEE BEST
INSLEE, BEST, DOEZIE & RYDER, PS
Attorneys at Law
10900 NE 4th Street, Suite 1500
P.O. Box 90016
Bellevue, WA 98009-9016
425.455.1234

89972922.2 0052781-00015