UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RJB WHOLESALE, INC, <br><br> Plaintiff, <br><br> v. <br><br> JEFFREY CASTLEBERRY, <br><br> Defendant. | CASE NO. C16-1829-MJP <br><br> ORDER GRANTING DEFENDANT'S MOTION TO COMPEL |

THIS MATTER comes before the Court on Defendant's Motion to Compel. (Dkt. No. 32.) Having reviewed the Motion, the Response (Dkt. No. 38), the Reply (Dkt. No. 40), and all related papers, the Court GRANTS the Motion in its entirety.

**Background**

Plaintiff RJB Wholesale, Inc. ("RJB") filed this suit against Defendant Jeffrey Castleberry for misappropriation of trade secrets including its customer database and other confidential business information. (See Dkt. No. 1.) RJB alleges that in August 2016, Defendant, a former employee, abruptly resigned and promptly went to work for RJB's

competitor, North American Pipe & Steel ("NAPSteel"). (Id.) During the course of discovery, Defendant served various requests, to which he claims RJB has failed to provide adequate responses. (Dkt. No. 32 at 2; see also Dkt. No. 33, Ex. A.) Defendant now moves to compel complete responses to these requests.

**Discussion**

Defendant contends that RJB has failed to provide substantive responses to requests regarding damages (Interrogatory No. 4; RFP No. 11; RFP No. 12); the existence of a trade secret (RFP No. 3, RFP No. 5); and the identities of its independent contractors (Interrogatory No. 2). The Court considers each of these categories in turn:

**A. Evidence of Damages**

Defendant propounded the following requests seeking evidence related to RJB's alleged damages:

- **Interrogatory No. 4:** Please provide the following information regarding RJB's accounts receivable: (i) The amounts of all monthly revenues received from each of RJB's customers for the period of August 1, 2009 to present; and (ii) The amounts, dates, customer names, and circumstances of any unpaid invoices sixty (60) or more days past due, whether or not such losses have been written off by RJB.

- **RFP No. 11:** All documents and communications demonstrating, evidencing, or relating to RJB's loss of sales, revenue, or other business *because of* either or both (i) Castleberry's employment with NAPSteel and/or (ii) Castleberry's alleged use of RJB's customer list, customer database, historical sales data, customer preference data, or confidential information.

- **RFP No. 12:** All documents and communications evidencing, memorializing, demonstrating, or relating to any damages that you allege to have suffered as a result of any conduct or omission by Castleberry.

(Dkt. No. 33, Ex. A at 8, 16.)

RJB responds that it cannot identify its damages until NAPSteel provides "documents . . . necessary for RJB to determine which of RJB's customers Castleberry stole, and with which

NAPSteel had prior relationships." (Dkt. No. 38 at 2.) With regard to Interrogatory No. 4, RJB claims that it requests information "not proportional" and "of zero importance to the case." (Dkt. No. 38 at 5.) While RJB concedes that "some information requested in this interrogatory will be highly relevant . . . namely RJB customers that RJB lost business from because of Castleberry's nefarious acts," it claims, without further explanation, that it cannot produce any evidence of its monthly revenues until NAPSteel produces documents responsive to RJB's subpoena (i.e., until NAPSteel turns over its own customer lists). (Id. at 2, 5-6.) With regard to RFP Nos. 11 and 12, RJB responds that "NAP Steel and Castleberry hold all of the documents which show which RJB customers Castleberry took or did business with using RJB trade secrets," and "[u]ntil RJB has this information, it is impossible for RJB to determine damages." (Id. at 6.)

The Court is not persuaded. RJB bears the burden of proving it lost customers to NAPSteel as a result of Defendant's conduct, and was thereby damaged. RJB's contention that it still cannot do so, nearly a year and a half after filing this case, leads the Court to infer that RJB's misappropriation claims are based upon nothing more than speculation.

**B. Evidence of Trade Secrets**

Defendant propounded the following requests seeking evidence related to the existence of RJB's alleged trade secrets:

- **RFP No. 3:** All documents and communications evidencing and/or demonstrating that RJB's customer database, RJB's customer list, RJB's internal pricing information, and/or other of RJB's confidential information known to Castleberry derive(s) independent economic value from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its/their disclosure or use.

- **RFP No. 5:** All customer lists, customer databases, documents containing RJB's internal pricing information, documents containing RJB's customer preferences, documents containing RJB's historical sales information, and other documents containing RJB's confidential information, any of which RJB alleges that Castleberry has taken, stolen, and/or misappropriated.

(Dkt. No. 33, Ex. A at 10.)

RJB responds that it has agreed to produce supplemental documents responsive to these requests, "to the extent they exist." (Dkt. No. 38 at 7.) As with evidence of RJB's damages, evidence regarding the existence of alleged trade secrets is not only relevant to, but essential to, its claims for misappropriation.

**C. Independent Contractors**

Defendant propounded the following requests seeking information regarding RJB's independent contractors:

- **Interrogatory No. 2:** Please list the names of all persons employed by or engaged as independent contractors by RJB since January 1, 2009.

(Dkt. No. 33, Ex. A at 8.)

Apparently, RJB has provided a list of independent contractors but has insisted that they be contacted only through counsel and has not provided contact information. (Dkt. No. 32 at 5.) RJB has not offered any explanation of the need for such a limitation, and the Court is aware of none.

**Conclusion**

The Court GRANTS Defendant's Motion to Compel and rules as follows:

**1.** RJB is ORDERED to provide Defendant with complete responses to Interrogatory Nos. 2 and 4, and RFP Nos. 3, 5, 11 and 12 within seven (7) days of the date of this Order.

**2.** To the extent it intends to withhold any information or documents on the basis of privilege, RJB is ORDERED to identify that it has done so and to provide a privilege log.

**3.** To the extent it intends to assert objections to any of the above requests, RJB must do so substantively and with specificity. <u>See</u> Fed. R. Civ. P. 34(b)(2)(B). Generalized, form objections will not be tolerated, and will result in waiver.

The clerk is ordered to provide copies of this order to all counsel.

Dated April 26, 2018.

Marsha J. Pechman
United States District Judge