UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RJB WHOLESALE, INC, <br><br> Plaintiff, <br><br> v. <br><br> JEFFREY CASTLEBERRY and JANE DOE CASTLEBERRY, <br><br> Defendants. | CASE NO. C16-1829-MJP <br><br> ORDER DENYING MOTION FOR RECONSIDERATION |

THIS MATTER comes before the Court on Plaintiff RJB Wholesale, Inc.'s ("RJB") Motion for Reconsideration of the Court's Order granting Defendants' Motion for Summary Judgment. (Dkt. Nos. 85, 87.) Having reviewed the Motion and all related papers, the Court DENIES the Motion.

Motions for reconsideration are disfavored and ordinarily will not be granted "in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1). RJB claims the Court committed manifest errors by (1) failing to consider

evidence showing that Mr. Castleberry misappropriated its trade secrets and (2) failing to find that RJB incurred damages as a result. (Dkt. No. 87 at 1.)

**(1) Misappropriation**

RJB contends that it submitted "substantial evidence" of misappropriation in a "summary chart" and that "[d]ue to the large volume of evidence submitted under seal, the Court may not have considered the most blatant example of RJB's loss of sales . . . ." (Id. at 2.) In particular, RJB identifies the "Exhibit U Customer," which it claims Mr. Castleberry solicited after he moved to NAPSteel. (Id. at 2-3.)

As an initial matter, the Court notes that RJB's failure to specifically identify or provide any facts whatsoever relating to the Exhibit U Customer in its briefing is a problem of its own making. RJB filed more than 800 pages of exhibits with its response, and it is not the role or responsibility of the Court to sort through these voluminous exhibits to find a legal theory to support RJB's claims. The only reference to the Exhibit U Customer in RJB's briefing was its assertion that:

> The pattern of Castleberry is clear from records produced by Castleberry and NAPSteel. Castleberry contacted the specific customer representatives who he transacted business with while at RJB shortly after starting at NAPSteel. Castleberry was successful in moving customers to NAPSteel. (*See*, for example, the customers identified in Exs. O, U. and V to Bersin Decl.)

(Dkt. No. 58 at 15.)

Exhibit U includes "copies of records relating to [Exhibit U Customer], including the RJB contact, emails and reports relating to Castleberry's solicitations, credit application materials, evidence of Castleberry sales, and NAPSteel's revenues." (Dkt. No. 56 at ¶ 29.) While this evidence shows that Mr. Castleberry sold to the Exhibit U Customer after he went to work for NAPSteel and that the Exhibit U Customer had previously been a customer of NAPSteel, it does not show that the Exhibit U Customer did business with NAPSteel that it

otherwise would have done with RJB or that RJB lost any revenues that it otherwise would have earned.

For the same reasons set forth in its order granting summary judgment in this case (i.e., that "RJB has neither specified the amount of revenues it claims to have lost nor demonstrated that it would have earned those revenues but for Mr. Castleberry's alleged misappropriation"; that "there are numerous reasons that [RJB's] sales might have been underperforming," etc.), the Court declines to reconsider its previous order based on this evidence. (See Dkt. No. 85 at 5-6.)

**(2) Unjust Enrichment**

RJB contends that the Court erred by misapplying the burden of proof regarding its unjust enrichment damages. It is well-established that "[a] plaintiff seeking to establish a trade secrets claim" under Washington's Uniform Trade Secrets Act, RCW 19.108.010 et seq. "has the burden of proving that legally protectable secrets exist" and that "a secret has actually been misappropriated in order to have a right to any damage award." Petters v. Williamson & Assocs., Inc., 151 Wn. App. 154, 164 (2009). In its order granting summary judgment, the Court specifically noted that neither burden had been met:

> As an initial matter, while RJB claims that Mr. Castleberry has relied upon its "sales histories and product preferences" and "confidential pricing information" to solicit sales for NAPSteel, the RJB Customer List manifestly does not include this information. RJB has failed to explain how the names and locations of its customers are "not generally known in the industry" or how they have "substantial economic value," particularly given that the RJB Customer List had not been updated for nearly five years prior to the alleged misappropriation. . . .

(Dkt. No. 85 at 5) (citations omitted). Having made this finding, it did not reach the question of unjust enrichment. This was not manifest error. Petters, 151 Wn. App. at 164.

**(3) CFAA**

Last, RJB contends that the Court erred by "misciting" Doyle v. Taylor, 2010 WL 2163521, at *3 (E.D. Wash. May 24, 2010) as holding that internal investigatory costs are not

compensable damages under the CFAA. In Doyle, the district court held that to allege a loss under the CFAA, the plaintiff "must identify *impairment of* or *damage to* the computer system that was accessed without authorization." Id. at *2 (emphasis added). Thus, where the plaintiff alleged that the defendant accessed a USB drive and retrieved a confidential document, he would "have to show that the [drive] itself was *somehow damaged or impaired* by Defendant's act of accessing the drive" to maintain a claim. Id. (emphasis added). This interpretation of the CFAA is consistent with others that have concluded that merely copying data, without more, does not give rise to a claim. See, e.g., NetApp, Inc. v. Nimble Storage, Inc., 41 F. Supp. 3d 816, 834 (N.D. Cal. 2014) (finding no cause of action where plaintiff alleged only that the defendant "accessed its databases without permission, not that he damaged any systems or destroyed any data."); Farmers Ins. Exchange v. Steele Ins. Agency, Inc., 2013 WL 3872950, at *21 (E.D. Cal. July 25, 2013) ("[C]osts not related to computer impairment or computer damages are not compensable under the CFAA."); Del Monte Fresh Produce, N.A., Inc. v. Chiquita Brands Int'l Inc., 616 F. Supp. 2d 805, 810 (N.D. Ill. 2009) ("[C]opying electric files from a computer database . . . is not enough to satisfy the damage requirement of the CFAA.").

RJB does not claim that its computer systems were impaired, damaged or hacked. Instead, it claims merely that it incurred "over $5,000 in costs to investigate Castleberry's actions with the RJB computer." (Dkt. No. 87 at 6.) These are precisely the types of costs for which recovery is foreclosed by Doyle and other cases.

Because RJB has failed to show manifest error in the Court's order or to raise any new facts which could not have been brought to before the Court earlier or which compel a different outcome, its Motion for Reconsideration is DENIED.

The clerk is ordered to provide copies of this order to all counsel.

Dated October 4, 2018.

                                                  Marsha J. Pechman
                                                  United States District Judge